```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

RONALD SMITH

                      Plaintiff(s),

        - against -

LMS SHIPMANAGEMENT, INC.,
WATERMAN STEAMSHIP CORP &
US BANK NA

                    Defendant(s).

----------------------------------------------------------x

08 Civ. 6110 (PKC)

CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

      This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

1.   All parties ~~(consent)~~ (do not consent) to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [Circle one.] [If all consent, the remaining paragraphs need not be completed.]

2.   This case (is) ~~(is not)~~ to be tried to a jury. [Circle one.]

3.   Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __30__ days from the date of this Order. [Absent exceptional circumstances, thirty (30) days.] Counsel for the parties stipulate that the action against defendant US Bank NA is withdrawn without prejudice, and that the caption be and is hereby amended to remove said defendant therefrom.

4.   Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later than __14__ days from the date of this Order. [Absent exceptional circumstances, fourteen (14) days.]

5.   All <u>fact</u> discovery shall be completed no later than __January 5, 2009__. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6.   The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

    a.   Initial requests for production of documents to be served by __October 6, 2008__.

    b.   Interrogatories to be served by __October 6, 2008__.

    c.   Depositions to be completed by __January 5, 2009__.

    d.    Requests to Admit to be served no later than __February 2, 2009__.

7.   a.    All <u>expert</u> discovery shall be completed no later than __February 19, 2009__.
[Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery.]

    b.    No later than thirty (30) days <u>prior to</u> the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff(s)' expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.   All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Pursuant to the authority of Rule 16(b)(2), Fed. R. Civ. P., a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the close of fact discovery (see paragraph 5 hereof).

9.   All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.   a.    Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following: __discovery will be conducted promptly so that the case may be evaluated before the end of this year.__

    b.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: __a settlement conference before a Magistrate Judge.__

    c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (<u>e.g.</u> within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery) __after the close of fact discovery.__

    d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.   The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial

-3-

Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine (for which the premotion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: five (5) days.

---

**TO BE COMPLETED BY THE COURT:**

13. [Other directions to the parties]

*Defendant US Bank NA is dismissed without prejudice and to be removed from the caption.*

14. The (next Case Management) (Final Pretrial Conference) is scheduled for *Jan 16, 2009 at 10:15 am*

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       September 5, 2008